Haeris, J.,
delivered the opinion of the Court.
The defendant in error brought an action of debt against the plaintiff in error, in the Circuit Court of Gibson county, on the following instrument: “ Trenton, May 13, 1854. Four months after date, I promise to pay to the order of -, twenty-two hundred and fifty dollars - cents, at the Branch of the Bank of Tennessee, at Trenton. Value received. L. P. Seay:”
Upon the back of which are endorsed the following names: “ D. M. Boon, M. M. Seay, G. M. Sharp, J. A. W. Hess and James Ham.” The necessity of protest is waived, by all the endorsers. The declaration *561 avers that by said note, L. P. Seay, (the maker,) “promised four months after date, to pay - twenty-two hundred and fifty dollars,” &c.; the defendants craved oyer of the note and endorsements, which were set out, and they demurred. The demurrer was disallowed by the Court, and upon the plea of nil debit there was verdict and judgment for the plaintiff, and the defendants have prosecuted a writ of error to this Court. The only error assigned and relied on here, is, that the paper declared on, is not a promissory note, and that the Court erred in overruling the demurrer.
It is well settled, that a note issued in blank for the payee’s name, may be filled up at any time, even at the trial, “ by any bona fide holder with his own name as payee, and then it will be treated, as a good promissory note to him from its date.”—Story on Prom. Notes, § 37; Chitty on Bills, 182-3, 160-173; 5 Taunton, 272. The correctness of this principle is admitted by the counsel for the plaintiff in error, but they insist that as the plaintiff below omitted to exercise the right by inserting the' name of a payee in the note, but declared upon it and described it as payable to blank, she has failed to show a right of action in herself. That it is essential to the validity of a promissory note that there should be a payee named in the note. Mr. Story, in his work on Promissory Notes, § 33, lays down the rule, “that it is essential to the validity of a promissory note, that it should contain no contingency or uncertainty as to the person by whom it is payable, or to whom- it is payable.” The *562 name of the particular person to whom it is payable should be given,” &c.
In the case of Hubbard, Gardner & Co. vs. Williamson & Roan, reported in 4 Ired., 266, where the plaintiff brought a joint action against Williamson as first endorser and Roan as second endorser, it appeared upon the trial that the endorsement from Williamson to Roan, and the endorsement from Roan to the plaintiff were in blank. Upon objection by the defendants the Court held that the plaintiffs could not recover in this action without filling up the endorsements, so as to show on the bill a title to it in the plaintiffs. The plaintiffs insisted that they were entitled to recover without filling up the endorsements, declined to do so, and in submission to the • opinion of the Court, suffered a non-suit, and appealed to the Supreme Court, where the judgment was affirmed.
This authority was referred to by this Court in the case of Gardner vs. Bank of Tennessee, 1 Swan, 425; and after showing the distinction between this authority and the case then before the Court, Judge Totten says, “ this (the case in Iredell,) is not inconsistent with our judgment in the present case.”
From these authorities, as well as upon general principles, we think it clear that the plaintiff in the declaration in this case has failed to show a cause of action, for want of a payee in the note, and that the demurrer of the defendant in the Court below should have been sustained. The ground relied upon here by the defendant in error, that as the Bank had the right to fill up the blanks,' it should be regarded as though they had been filled up, we think cannot be *563 .sustained upon authority. This point was involved in the case of Hubbard & Gardner vs. Williamson & Roan, above referred to, and decided the other way.
In the case decided by the Supreme Court of New York, of the United States vs. White, 2 Hill, 61, the note sued on, upon its face, was máde payable “ to the order of the endorser's name,” — the note was endorsed ¿by Samuel Adams, and it was held to be payable to Adams, the same as if he had been designated by name. We do not think this authority conflicts with our opinion in this case.
The act of 1852, § 4, to which we have been referred, in our judgment, does not apply to this case. 'The objections here are not formal, but substantiail. We do not intend to be understood by this decision as holding that where the endorsements are in blank and there is no demurrer to the declaration, nor the objection specifically made on the trial in the Court below, that such an objection could be taken here; or, that it is indispensable to fill up the blank endorsements ; upon that question we give no opinion. But we hold that a note, where the name of the payee is in blank, and so sued upon, is not a valid promissory note; and that upon objection taken either by demurrer, or specially upon the trial, such objection would be fatal unless the party filled up the blank so as to show a cause of action in himself.
The judgment of the Circuit Court will be reversed •and the demurrer sustained; but the cause will be re-ananded to the Circuit Court .for further .proceedings.